# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** § | |
| § | |
| § | |
| v.  § | No. 1:14-CR-00289-ADA |
| § | |
| **(1) TYRONE PRICE,** § | |
| *Defendant* § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

TO:   THE HONORABLE ALAN D. ALBRIGHT
      UNITED STATES DISTRICT JUDGE

Before the Court is the United States Probation Office's (USPO) Petition for Warrant or Summons for Offender Under Supervision, Dkt. 54. The undersigned submits this Report and Recommendation to the District Judge pursuant to 28 U.S.C. § 636(b), 18 U.S.C. § 3401(i), and Rule 1(d) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

## I.    BACKGROUND

### A.    Timeline from the USPO's Adjustment Summary[1]

On January 30, 2015, Tyrone Price appeared before the Honorable Sam Sparks, U.S. District Judge, after pleading guilty to Possession of a Firearm in Furtherance of a Drug Trafficking Crime. The defendant was sentenced to 60 months

---

[1] At the hearing on the petition, Defendant stipulated to the accuracy of the facts stated in the Petition and Adjustment Summary. *See* Dkt. 48. Because this filing was sealed, the undersigned likewise files this report and recommendation under seal.

1

custody of the U.S. Bureau of Prisons, to be followed by a 5-year term of supervised release. Special conditions imposed include a substance abuse evaluation and treatment, alcohol abstinence, mental health evaluation and treatment, take any and all medication as prescribed, search, and a $100 special assessment.

On January 25, 2019, the defendant began his term of supervised release in the Western District of Texas, Austin Division. At the onset of supervision, Price established residency with his mother, Valerie LaGarde. He was unemployed at the start of supervision and advised of his efforts to seek full-time employment.

On January 28, 2019, Price reported to the probation office to complete his intake. All the defendant's conditions were reviewed and explained to him. He was provided with a copy of his judgment and conditions. He expressed an understanding of his conditions and agreed to comply.

On February 11, 2019, the defendant was referred to the federal treatment provider to participate in cooccurring services.

On February 27, 2019, the defendant submitted a urine specimen which returned positive for marijuana.

On March 12, 2019, Price reported to the probation office to address the positive urine specimen. During this visit, he reported relapsing with marijuana on or about February 15, 2019. An admission form was signed by Price, attributing his use to poor decision making.

On March 14, 2019, a Report on Offender Under Supervision was submitted to the Court to report Price submitted an invalid urine specimen, admitted to the use of

marijuana, and failed to submit a urine specimen on two occasions. No action was recommended to afford the defendant the opportunity to address his relapse in treatment. On March 15, 2019, the Court concurred.

On July 2, 2019, the Court was notified via a Report on Offender Under Supervision that the defendant was stopped by the Hutto Police Department on May 18, 2019, and received citation # 126002 for Driving While License Invalid. On June 21, 2019, the offender completed the required Drug Offender Education Program to dispose of the citation. On July 3, 2019, the Court took no action and agreed that the probation officer would monitor the pending citation until disposed of.

On December 12, 2019, Price was successfully discharged from co-occurring treatment services.

On January 29, 2020, the defendant submitted a urine specimen which returned positive for marijuana.

On February 13, 2020, Price reported to the probation office to address his positive urine specimen. During this visit, he reported using marijuana as a way to cope with financial stress and grief, following the loss of his unborn child. He signed an admission form and reported last using marijuana on or about February 1, 2020.

On February 24, 2020, a Report on Offender Under Supervision was submitted to the Court to report Price submitted a urine specimen which returned positive for marijuana. On February 24, 2020, the Court took no action, and the offender was placed in the COMPLY random urinalysis program. He also worked on skills aimed at targeting his cognitions.

For the months of March 2020 through August 2021, the defendant worked to obtain stable employment and maintained a stable residence with his mother.

On August 19, 2021, the defendant submitted a urine specimen which returned positive for marijuana and cocaine.

On September 7, 2021, contact was made with Price to address recent positive urine specimen. He reported using marijuana and cocaine to cope with the loss of a family member and friend. Price took responsibility for his actions and signed an admission form for the positive specimen.

On September 10, 2021, the Court was notified via a Report on Offender Under Supervision that the offender submitted a diluted urine specimen and a urine specimen which returned positive for marijuana and cocaine. No action was recommended to allow Price to address his relapse in treatment. On this same date, the Court concurred.

On September 13, 2021, Price was referred to the federal treatment provider to participate in substance abuse services.

On September 27, 2021, the defendant submitted a urine specimen which returned positive for cocaine and marijuana.

On October 8, 2021, this officer contacted Price to address his positive urine specimen. He reported ongoing struggles with recent unemployment, financial stress, and grief, which ultimately led to his relapse with marijuana and cocaine. Price took responsibility for his actions, signing an admission form for the urine specimen submitted on September 27, 2021.

On October 18, 2021, a Report on Offender Under Supervision was submitted to the Court to report the defendant submitted a diluted urine specimen on September 16, 2021, and on September 27, 2021, the defendant submitted a urine specimen positive for marijuana and cocaine. No action was recommended to afford Price the opportunity to continue addressing his use in treatment. On this same date, the Court concurred.

On April 18, 2022, the defendant successfully completed substance abuse treatment.

On December 30, 2022, at approximately 11pm, Sealy Police Department observed a driver of a Nissan Murano traveling at a high rate of speed. A traffic stop was initiated, and the driver of the vehicle was identified as Tyrone Price, who was accompanied by a female passenger. The officer detected a strong odor of marijuana emanating from the vehicle and requested the parties exit the vehicle so the vehicle would be searched. The defendant put the vehicle in drive and sped away reaching speeds of over 110 mph. Multiple agencies were involved in the chase and the defendant eventually pulled over and stopped.

As officers approached his vehicle, Price stated there was a gun in the vehicle. He was taken into custody. Officers conducted a search of the vehicle and discovered a loaded black Plum Crazy AR-15 long rifle on the floorboard of the backseat. Further, a backpack was discovered on the passenger side floorboard of the vehicle. Inside the backpack were multiple plastic baggies containing 4.125 ounces of marijuana and four smaller plastic bags containing 3 grams of cocaine. Price was questioned by

officers and admitted he threw out of his window an ashtray containing cocaine. The defendant's vehicle was impounded and during the inventory search two digital scales were discovered. The defendant was transported and booked into Austin County Jail. He was charged with Evading Arrest with a Vehicle; Possession of Marijuana; Possession of Controlled Substance (Cocaine) 1G>=4G; Tamper/Fabricate Physical Evidence; Unlawful Possession of Firearm by Felon and Unlawfully Carrying a Weapon.

On January 4, 2023, the defendant's case was reassigned to the Honorable Lee Yeakel, U.S. District Judge.

On January 5, 2023, a Petition for Warrant or Summons for Offender Under Supervision was submitted to the Court to report Price was arrested in Austin County, Texas and charged with Evading Arrest with a Vehicle; Possession of Marijuana; Possession of Controlled Substance (Cocaine) 1G>=4G; Tamper/Fabricate Physical Evidence; Unlawful Possession of Firearm by Felon and Unlawfully Carrying a Weapon. A warrant was issued.

On October 24, 2023, Price was sentenced to 5 years in the Texas Department of Criminal Justice (TDCJ)-Institutional Division for Evading Arrest Detention with a Vehicle, under Cause No.: 2023R-0033, and Unlawful Possession Firearm by Felon Enhanced, Cause No.: 2023R-0034 in the 155th District Court, Austin County, Texas, both sentences to run concurrently. All remaining charges were dismissed.

On March 10, 2025, Price was released from TDCJ custody and began his State Parole term, which is set to expire on December 30, 2027.

On March 12, 2025, the defendant's case was reassigned to the Honorable Alan D Albright, U.S. District Judge.

On April 3, 2025, the warrant was executed was and remanded to the United States Marshals Service.

On April 14, 2025, an Amended Petition for Warrant or Summons for Offender Under Supervision was submitted to the Court to report the defendant was sentenced to 5 years in the Texas Department of Criminal Justice-Institutional Division on the following charges for Evading Arrest Detention with a Vehicle, under Cause No.: 2023R-0033, and Unlawful Possession Firearm By Felon Enhanced, Cause No.: 2023R-0034 in the 155th District Court, Austin County, Texas, both sentences to run concurrently. Additionally, the remaining charges were dismissed.

Price now stands before the Court represented by appointed counsel, Jose I. Gonzalez-Falla, to show cause why his term of supervision should not be revoked. Price was on supervision for approximately 47 months. During this period, he maintained stable residence with his mother and was employed as a laborer. Although Price sustained compliance in these areas, he struggled to refrain from substance abuse and a criminal lifestyle. Based on his lack of motivation to remain sober and engage in criminal activity, Price does not appear to be a good candidate for continued supervision.

The defendant now stands before the Court, being represented by appointed counsel, to determine if his supervised release be revoked.

B.   **Hearing on USPO's Petition**

The undersigned set the petition for hearing to be held on April 25, 2025. Dkt. 56. Present at the hearing were Defendant; his appointed counsel, Assistant Federal Public Defender Jose Gonzalez Falla; Assistant U.S. Attorney Matt Harding; and USPO Officer Samantha Garcia. During the hearing Defendant waived his preliminary hearing and his right to be present before the United States District Judge at the time of imposition of sentence and consented to allocution before the United States Magistrate Judge. After being advised of his rights and affirming his understanding of the charges and penalties he faced, Defendant pleaded "True" to the violations set out in the petition.

After accepting Defendant's plea, the undersigned then considered the appropriate sentence. Defendant's counsel and AUSA Harding agreed that an appropriate sentence would be to revoke Defendant's supervised release and impose a period of imprisonment of 8 months with no additional term of supervised release. Officer Garcia concurred in the recommendation. The undersigned accepted the agreed recommendation from Defendant and AUSA Harding and stated on the record the intention to recommend that the District Judge revoke Defendant's supervised release and impose a period of imprisonment of 8 months with no additional term of supervised release to follow.

## II.   FINDINGS OF THE COURT

1. Probable cause exists for the alleged violations set out in the petitions.
2. The most serious violation under the petition is a Grade B, and Defendant's criminal history category is III.

3.  Defendant understood the petition and the charges alleged against him and had the opportunity to discuss the petition and charges with his attorney.

4.  Defendant freely, intelligently, and voluntarily pleaded true to the charge, or charges, in the petition.

5.  Defendant did not suffer from any physical or mental impairment that would affect his ability to fully understand the charges against him or the consequences of his plea.

6.  Defendant was sane and mentally competent at the time of these proceedings.

7.  Defendant was sane and mentally competent to assist his attorney in the preparation and conduct of his defense.

8.  Defendant waived his right to a preliminary hearing.

9.  Defendant understood all of his statutory and constitutional rights and desired to waive those rights.

10. Defendant understood that he had the right to present evidence and to cross-examine witnesses at the hearing.

11. Defendant violated the conditions of his terms of supervised release as set out in the petition, and there is a factual basis in support of that finding.

### III.   FACTORS CONSIDERED

The undersigned has considered the factors set out in Title 18, United States Code § 3583(e) which makes reference to most of the factors set out in Title 18, United States Code § 3553(a), specifically:

1.  The nature and circumstances of the offense, § 3553 (a)(1);

2.  The history and characteristics of Defendant, (a)(1);

3.  To afford adequate deterrence to criminal conduct, (a)(2)(B);

4.  To protect the public, (a)(2)(C);

5. To provide Defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner, (a)(2)(D);

6. The kinds of sentence and the sentencing range recommended by the U.S. Sentencing Guidelines, policy statements and corresponding analysis, (a)(4) and (a)(5);

7. The need to avoid unwarranted sentence disparities among defendants with similar records who have been found responsible for similar conduct, (a)(6);

8. The need to provide restitution to any victims of the offense, (a)(7).

Note: the factors in § 3553(a)(2)(A), namely the seriousness of offense, respect for the law and just punishment, were not considered by the undersigned.

## IV.    RECOMMENDATION

The Magistrate Judge has carefully considered the arguments of counsel, the evidence presented by the parties and has taken judicial notice of the original pre-sentence report, and the petition, the Adjustment Summary and the Violation Conduct Computation prepared by the United States Probation Office.

In light of the factors set forth above, the undersigned **RECOMMENDS** that the District Judge **GRANT** USPO's petition, Dkt. 54, and **REVOKE** Defendant's term of supervised release, and impose a sentence of imprisonment of 8 months with no additional term of supervised release to follow.

## V.    WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d

419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn,* 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED April 25, 2025.

　
DUSTIN M. HOWELL
UNITED STATES MAGISTRATE JUDGE